**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

FRIENDS OF ANIMALS,

      Plaintiff,

v.

UNITED STATES FISH AND WILDLIFE SERVICE,
an agency of the United States,

      Defendant.

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

---

**INTRODUCTION**

1.      Plaintiff, Friends of Animals, brings this action to remedy violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et. seq*. Specifically, Friends of Animals challenges the failure of Defendant, the United States Fish & Wildlife Service (FWS), to respond to Friends of Animals' April 5, 2018 FOIA request seeking records relating to permits to import African elephant sport-hunted trophies from Zimbabwe and Zambia issued from December 1, 2017, to April 5, 2018 (hereinafter, "FOIA Request").

2.      As of the date of this Complaint, FWS has not provided any information in response to Friends of Animals' FOIA Request seeking the disclosure of documents and records relating to import permits issued and/or denied for African elephant sport-hunted trophies from Zimbabwe and Zambia from December 1, 2017, to April 5, 2018 (hereinafter "FOIA Request").

3.   FWS failed to comply with the statutory mandates and deadlines imposed by FOIA by failing to provide a final determination resolving Friends of Animals' FIOA Request within the time permitted by law. By failing to resolve Friends of Animals' FOIA Request, FWS is unlawfully impeding Friend of Animals' access to government information that it is entitled to receive under FOIA. Accordingly, Friends of Animals seeks declaratory relief establishing FWS has violated FIOA. Plaintiff also seeks injunctive relief directing FWS to promptly provide Friends of Animals with the requested material free of cost.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(b) (Freedom of Information Act) and 28 U.S.C. § 1331 (federal question). This Court may grant declaratory relief under 28 U.S.C. § 2201, *et seq*. (Declaratory Judgement Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act). An actual, justiciable controversy exists within the meaning of the Declaratory Judgement Act between Friends of Animals and FWS. The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

5.   Venue is proper in this Court pursuant to 5 U.S.C. § 552 (a)(4)(B), which provides venue for FOIA cases in a judicial district where the complainant resides or has a principle place of business. Here, Friends of Animals' Wildlife Law Program, which submitted the FOIA Request, resides in Colorado and has a principle place of business in Centennial, Colorado.

## PARTIES

6.   Plaintiff, Friends of Animals, is a non-profit international advocacy organization with nearly 200,00 members and is the requester of the records which Defendant, FWS, is now withholding. Friends of Animals is incorporated in the state of New York since 1957, and

has offices in Darien, Connecticut, and Centennial, Colorado. Friends of Animals' Wildlife Law Program was established in 2013. The Wildlife Law Program, which is filing this Complaint, is located at 7500 E. Arapahoe Road, Suite 385, Centennial, Colorado.

7. Friends of Animals seeks to free animals from cruelty and exploitation around the world, and to promote a respectful view of non-human, free-living and domestic animals. Friends of Animals engages in a variety of advocacy programs in support of these goals. Friends of Animals informs its members about animal advocacy issues as well as the organization's progress in addressing these issues through its magazine called *ActionLine*, its website, and other reports. Friends of Animals has published articles and information advocating for the protection of species so that they can live unencumbered in their natural habitats. As part of its mission to inform its members about issues affecting animals, Friends of Animals has submitted several FOIA requests in the past, and Friends of Animals plans to continue submitting FOIA requests in the future.

8.   Friends of Animals qualifies as a noncommercial requester under the standard established by Congress in FOIA.

9.   Friends of Animals requested the information in its FOIA Request to more fully understand and inform the public and its members about the process employed by FWS in issuing threatened species permits for African elephant sport-hunted trophies from Zimbabwe and Zambia under 50 C.F.R. § 17.32. *See* 81 Fed. Reg. 36388 (June 6, 2016). The prompt release of information is essential due to immediate public interest. This data will help Friends of Animals further its mission and deepen public understanding of the current crisis African elephants are facing, and the effect sport-hunting has on African elephants. This issue is relevant not only in Africa, but also at home in the United States. Disclosure of the requested information will also contribute to the public's understanding of the operations of the government and how it processes permits to import African sport-hunted trophies, as Friends of Animals can distribute the information to its members and other

interested members of the public through its website, its quarterly magazine *ActionLine*, and through outreach to other media outlets. FWS's failure to provide the requested records impedes Friends of Animals' access to government information and hinders Friends of Animals' ability to carry out its organizational mission. The production of these records will redress the harm and enable Friends of Animals to finally communicate to their members and to the public a fuller understanding of FWS's permitting decisions.

10.    Defendant, FWS, is an agency of the United States housed within the Department of the Interior and has possession of the documents that Plaintiff, Friends of Animals, seeks. FWS is an agency within the meaning of 5 U.S.C. § 552(f). FWS has possession and control of the requested records and is responsible for fulfilling Friends of Animals' FOIA Request.

## LEGAL FRAMEWORK: FREEDOM OF INFORMATION ACT

11.    Congress enacted FOIA to ensure public access to U.S. government records. FOIA carries a presumption of disclosure. The burden is on the government—not the public—to substantiate why information may not be released. Upon written request, agencies of the United States government are required to disclose those records, unless they can be lawfully withheld from disclosure under one of nine specific exemptions in FOIA. 5 U.S.C. §§ 552(b)(1)-(9); 5 U.S.C. § 552(a)(4)(B).

12.    FOIA imposes mandatory deadlines on federal agencies when they receive a request for records pursuant to FOIA. FOIA requires agencies to respond within twenty working days after the receipt of any such request with their determination and must immediately notify the person making such request of its determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination. 5 U.S.C. § 552 (a)(6)(A).

13.    Upon determination by an agency to comply with the request, the records shall be made "promptly available." 5 U.S.C. § 552(a)(6)(C).

14.   In "unusual circumstances" an agency may extend the time limits for up to ten working days by providing written notice to the requester setting forth the unusual circumstances and the date on which the determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B).

15.   With respect to a request for which a written notice purports to apply the "unusual circumstances," the agency must: (1) notify the requester if the request cannot be processed within the time limit; (2) provide the requester with an opportunity to limit the scope of the request so that it may be processed within that time or provide an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request; and (3) make available its FOIA Public Liaison to assist in the resolution of any disputes between the requester and the agency. 5 U.S.C. § 552(a)(6)(B)(ii).

16.   As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress. However, if an agency does not adhere to certain statutory timelines (twenty workdays or thirty workdays in "unusual circumstances"), then by statute the requester is deemed to have fulfilled the exhaustion requirement. 5 U.S.C. § 552(a)(6)(C)(i).

17.   Additionally, if the agency fails to comply with the statutory time limit it cannot assess search fees. 5 U.S.C. § 552(a)(4)(A)(viii).

18.   Department FIOA regulations provide for a tracked response process that distinguishes requests based on the estimated number of workdays needed to respond. 43 C.F.R. § 2.15(a). "Simple" requests take one to five workdays to process; "normal" requests take six to twenty workdays; "complex" request take between twenty-one and sixty workdays; and "exceptional/voluminous" requests, which involve "very complex processing challenges" and potentially include a large number of responsive records, take over sixty workdays to process. 43 C.F.R. §§ 2.1(c)(1)-(4).

19.   The multi-track processing system does not alter FOIA's statutory deadline for an agency to determine whether to comply with the FOIA request. 43 C.F.R. § 2.15. An agency must make a determination whether to comply with the FOIA request, and notify the requester accordingly, within the mandatory deadlines ascribed above.

20. The United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complaint." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

21.   Friends of Animals submitted its FOIA Request to FWS on April 5, 2018. Specifically, Friends of Animals requested documentation of: (1) all documents relating to import permits issued and/or denied for the import of African elephant sport-hunted trophies from Zimbabwe and/or Zambia into the United States; (2) all documents and data relating to individual permit applications submitted for the import of African elephant sport-hunted trophies from Zimbabwe and/or Zambia into the United States; (3) All documents and data relating to enhancement findings, either positive or negative, or individual permit applications for the import of African elephant sport-hunted trophies from Zimbabwe and/or Zambia into the United States; (4) all documents and data relating to any findings and determinations related to import permits for African elephant sport-hunted trophies from Zimbabwe and/or Zambia into the United States.

22.   On April 5, 2018, FWS's staff sent an email to Friends of Animals stating that the FOIA Request had been received and a formal acknowledgement would follow shortly.

23.   On May 9, 2018, twenty-four working days after Friends of Animals' FOIA Request was received by FWS staff, Friends of Animals sent another email to FWS staff requesting a formal acknowledgement and timeline for the release of the requested material. At this time, FWS was not in compliance with 5 U.S.C. § 552(a)(6)(A), which requires that the agency in receipt of a FIOA request must issue a determination within 20 working days.

24. On May 9, 2018, Friends of Animals received a reply email from FWS staff stating that staff member was out of office until April 9, 2018.

25. As of the date of this complaint, Plaintiff, Friends of Animals, has not received a formal acknowledgement nor any other communication from Defendant, FWS. Additionally, as of the date of this complaint, FWS has failed to make a determination on Friends of Animals' FOIA Request, failed to produce responsive records to the FOIA request, and failed to provide a date when Friends of Animals could expect a final determination on its FOIA Request.

26. The deadline for making a determination on Friends of Animals' FOIA Request under normal circumstances passed on May 3, 2018. If there were unusual circumstances, which were not noted by FWS, the deadline for making a determination passed on May 17, 2018.

27. FWS did not make the required determination by May 3, 2018, and to this date still has not made a determination on Friends of Animals' FOIA Request.

28. FWS is unlawfully withholding pubic access of information sought by Friends of Animals, information to which Friends of Animals is entitled to receive, and for which FWS has not provided a valid disclosure exemption.

29. FWS has offered no reasonable explanation for its delay, and it has not provided an estimated timetable of when it will comply with its obligations under FOIA.

## CAUSE OF ACTION
### (Violation of Freedom of Information Act)

30.  Friends of Animals herein incorporates all allegations contained in the proceeding paragraphs.

31.  Friends of Animals properly requested records within FWS's control on April 5, 2018, in its FOIA request.

32.   FWS failed to make a determination of Friends of Animals' FOIA Request within time required by FOIA.

33.   As of the date of this Complaint, FWS has not made any determination on Friends of Animals' FOIA Request.

34.   As of the date of this Complaint, FWS has not made any claims of statutory exemption with regard to the documents requested in the FOIA Request.

35.   Accordingly, Friends of Animals is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in the FOIA Request.

## REQUEST FOR RELIEF

Friends of Animals respectfully requests that the Court enter judgement providing the following relief:

1. Declare that FWS violated FOIA by failing to make a determination on Friends of Animals' FOIA Request and promptly providing responsive records within the time required by law;

2. Order FWS to process and immediately release all records responsive to the FOIA Request at no cost to Friends of Animals.

3. Retain jurisdiction of this action to ensure the processing of the FOIA Request and ensure that no agency records are wrongfully withheld;

4. Award Friends of Animals costs, including reasonable attorney fees and litigation costs in this action, pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E); and

5. Grant Friends of Animals any other relief that the Court deems just and proper.

Dated: October 2, 2018

Respectfully submitted,

/s/ Jennifer E. Best
Jennifer E. Best (CO Bar# 46549)
Assistant Legal Director, Wildlife Law Program
Friends of Animals

8

7500 E. Arapahoe Road, Suite 385
Centennial, CO 80112
Telephone: (720) 949-7791
E-mail: jennifer@friendsofanimals.org
Attorney for Plaintiff